[No. 33468. Department Two. May 24, 1956.]

OTTO E. WILLIAMS *et al., Respondents,* v. GEORGE M. HOLLENBECK, *as Acting Director, State Department of Public Assistance, Appellant.*[1]

*The Attorney General, Moksha W. Smith* and *John F. Hansler, Assistants,* for appellant.

*Ronald Moore* and *Jerome Walstead,* for respondents.

FINLEY, J.—This case arises because of administrative action taken by the Cowlitz county office of the state department of public assistance against Otto E. Williams and

[1]Reported in 297 P. (2d) 952.

Mildred P. Williams, husband and wife. The county office claimed an *overpayment of assistance* was made to the Williams by reason of an unauthorized transfer by them of an alleged interest in property in violation of RCW 74.08.335. The Williams, feeling aggrieved by the action taken against them, appealed to the director of the state department of public assistance. After a hearing before the director, as provided for by RCW 74.08.070, he, in substance, affirmed the action of the Cowlitz county office. The Williams then appealed to the Cowlitz county superior court, and the department's action was reversed. The department, acting through its director, has now appealed to this court.

The statute, RCW 74.08.335, under which the controversy arose, provides as follows:

"Public assistance shall not be granted under chapters 74.04 through 74.16 to any person who has made an assignment or transfer of property for the purpose of rendering himself eligible for assistance under chapters 74.04 through 74.16. Any person who shall have transferred or shall transfer any real or personal property or any interest in property within two years of the date of application for public assistance without receiving adequate monetary consideration therefor, or any person who after becoming a recipient transfers any property or any interest in property without the consent of the director, shall be ineligible for public assistance for a period of time during which the reasonable value of the property so transferred would have been adequate to meet his needs under normal conditions of living: *Provided,* That the director is hereby authorized to allow exceptions in cases where undue hardship would result from a denial of assistance. [1953 c 174 § 33.]"

The facts which give rise to the litigation are not in dispute. Respondents became welfare recipients in April, 1954. In July, 1954, without obtaining consent from the department, they executed a promissory note in the amount of $517.05 in favor of Business Men's Adjustment Co. This sum represented the total amount of accounts (antecedent debts of the Williams) which had been assigned to the adjustment company for collection. To secure payment of the note, the respondents executed and delivered to the adjustment company a chattel mortgage on their household

furniture (valued at $150) and a real-estate mortgage covering respondents' equity (valued at approximately $650) in their home which they were purchasing on a real-estate contract. The admitted consideration for the execution of the mortgages was the forbearance of suit by the adjustment company relative to the accounts assigned to it for collection.

The department contends that, by reason of the execution and delivery of the mortgages, the respondents have "transferred" an "interest in property" within the provisions of RCW 74.08.335, resulting in a technical or theoretical overpayment of assistance; that, consequently, the respondents have rendered themselves ineligible for public assistance for a period of time during which the reasonable value of the property "transferred" would have been adequate to meet their needs under normal conditions of living. We do not agree with the department's position on the matter. Clearly, RCW 74.08.335 (quoted above) was not intended to cover the type of transaction in question: namely, a mortgage of *exempt resources* by welfare recipients to secure *antecedent debts, the consideration for which is the forbearance of suit by the mortgagee.*

In support of its position, the department has called our attention to several regulations promulgated by the department, one of which defines *transfer,* as used in RCW 74.08.335, *supra,* to include *mortgages.* Such regulations are valid only as subordinate to a legislative policy and when found to be within the framework of such policy. They may not extend a statute or modify its provisions. *Uhden, Inc. v. Greenough,* 181 Wash. 412, 43 P. (2d) 983, 98 A. L. R. 1181. *Campbell v. Galeno Chemical Co.,* 281 U. S. 599, 74 L. Ed. 1063, 50 S. Ct. 412.

We have carefully considered the contentions of the department and find them without merit.

It having been stipulated by the parties that, upon affirmance, the sum of three hundred dollars is a reasonable amount to be awarded respondents as attorneys' fees in

this court, as provided in RCW 74.08.080, such fees are hereby fixed in that amount.

The judgment of the trial court is affirmed.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.